UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

~~GAINESVILLE~~ TALLAHASSEE DIVISION

## CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

DUKE F. CRANFORD
_____

Inmate # 123716
_____
(Enter full name of Plaintiff)

vs.

CASE NO: 4:10 cv 187 - MP / WCS
(To be assigned by Clerk)

E. POLLEY, JR., IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;
NAN JEFFCOAT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY
FLORIDA DEPARTMENT OF CORRECTIONS, IN ITS OFFICIAL CAPACITY,
_____

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

5/17
X
Filed 05/18/10 USDC FLN4AM0814

I.   **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:   DUKE F. CRANFORD
Inmate Number:   123716
Prison or Jail:   TAYLOR CORRECTIONAL INSTITUTION ANNEX
Mailing address:   8629 HAMPTON SPRINGS ROAD
PERRY, FLORIDA 32348

II.   **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant:

(1)   Defendant's name:   E. POLLEY, JR.
Official position:   FOOD DIRECTOR
Employed at:   TAYLOR CORRECTIONAL INSTITUTION ANNEX
Mailing address:   8629 HAMPTON SPRINGS ROAD
PERRY, FLORIDA 32348-8787

(2)   Defendant's name:   NAN JEFFCOAT
Official position:   ASSISTANT WARDEN OF PROGRAMS
Employed at:   TAYLOR CORRECTIONAL INSTITUTION ANNEX
Mailing address:   8629 HAMPTON SPRINGS ROAD
PERRY, FLORIDA 32348-8787

(3)   Defendant's name:   FLORIDA DEPARTMENT OF CORRECTIONS
Official position:   DEPARTMENT OF CORRECTIONS
Employed at:   2601 BLAIR STONE ROAD
Mailing address:   TALLAHASSEE, FLORIDA 32399-1050

<u>**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**</u>

2

III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

IV.   PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes(  )          No(X)

1.   Parties to previous action:
(a)   Plaintiff(s): _NONE_
(b)   Defendant(s): _NONE_
2.   Name of judge: _NONE_          Case #: _NONE_
3.   County and judicial circuit: _NONE_
4.   Approximate filing date: _NONE_
5.   If not still pending, date of dismissal: _NONE_
6.   Reason for dismissal: _NONE_
7.   Facts and claims of case: _NONE_

(Attach additional pages as necessary to list state court cases.)

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes(  )          No(X)

1.   Parties to previous action:
a.   Plaintiff(s): _NONE_
b.   Defendant(s): _NONE_
2.   District and judicial division: _NONE_
3.   Name of judge: _NONE_          Case #: _NONE_
4.   Approximate filing date: _NONE_
5.   If not still pending, date of dismissal: _NONE_
6.   Reason for dismissal: _NONE_

3

7.   Facts and claims of case: _NONE_____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.   Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(X)                    No(  )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.   Parties to previous action:
a.   Plaintiff(s): _DUKE F. CRANFORD_
b.   Defendant(s): _JAMES MCDONOUGH_
2.   District and judicial division: _THIRD JUDICIAL CIRCUIT COURT_
3.   Name of judge: _HON. S. SCAFF_   Case #: _2005000069_
4.   Approximate filing date: _MARCH 2005_
5.   If not still pending, date of dismissal: _APRIL 28, 2008_
6.   Reason for dismissal: _TRIAL VERDICT BY JURY_
7.   Facts and claims of case: _PERSONAL PROPERTY DAMAGE, SMALL CLAIMS ACTION,_

**(Attach additional pages as necessary to list cases.)**

D.   Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(X)                    No(  )

\* REMANDED BY 11ᵗʰ CIRCUIT COURT OF APPEALS AS NOT BEING A FRIVOLOUS COMPLAINT,

1.   Parties to previous action:
a.   Plaintiff(s): _DUKE F. CRANFORD_
b.   Defendant(s): _JAMES COUNTRYMAN, ET AL._
2.   District and judicial division: _N. DIST. OF FLA, JACKSONVILLE_
3.   Name of judge: _HON. M. RICHARDSON_ Case Docket # _3:04CV-1247-J32/mcr_
4.   Approximate filing date: _JULY 2004_   Dismissal date: _OCTOBER 2007_
5.   Reason for dismissal: _SETTLED: FDOC RULE CHANGE._

IV. PREVIOUS LAWSUITS; CONTINUED:

E. 1. PARTIES TO PREVIOUS ACTION:

    A. PLAINTIFF(S): DUKE FREDRICK CRANFORD

    B. DEFENDANT(S): A.M. CASTNER, ET AL.

2. DISTRICT AND JUDICIAL DIVISION: U.S. DISTRICT COURT, NORTHERN DISTRICT OF FLORIDA, GAINESVILLE DIVISION.

3. NAME OF JUDGE: HON. A. KORNBLUM. CASE: 1:08CV-160-MP/AK

4. FILING DATE: 9-24-08. DISMISSAL DATE:

5. REASON FOR DISMISSAL:


F. 1. PARTIES TO PREVIOUS ACTION:

    A. PLAINTIFF(S): DUKE F. CRANFORD

    B. DEFENDANT(S): A.D. HAMMOCK, ET AL.

2. DISTRICT AND JUDICIAL DIVISION: U.S. DISTRICT COURT, NORTHERN DISTRICT OF FLORIDA, GAINESVILLE DIVISION.

3. NAME OF JUDGE: HON. A. KORNBLUM, CASE: 1:09CV-70-MP/AK

4. FILING DATE: MARCH 2009. DISMISSAL DATE: ON APPEAL, MARCH 2010.

5. REASON FOR DISMISSAL: ON APPEAL; SUMMARY JUDGMENT.


G. 1. PARTIES TO PREVIOUS ACTION:

    A. PLAINTIFF(S): DUKE F. CRANFORD

    B. DEFENDANT(S): J.E. THOMAS

2. DISTRICT AND JUDICIAL DIVISION: U.S. DISTRICT COURT, NORTHERN DISTRICT OF FLORIDA, GAINESVILLE DIVISION

3. NAME OF JUDGE: HON. A. KORNBLUM, CASE: 1:09CV-224-MP/AK

4. FILING DATE: OCTOBER 2009. DISMISSAL DATE: ON APPEAL, 1-20-10

5. REASON FOR DISMISSAL: ON APPEAL, 28 U.S.C. § 1915 (e)(2)(B)(ii)


H. 1. PARTIES TO PREVIOUS ACTION:

    A. PLAINTIFF(S): DUKE F. CRANFORD

    B. DEFENDANT(S) FLORIDA DEPT. OF CORRECTIONS, ET. AL.

2. DISTRICT AND JUDICIAL DIVISION: U.S. DISTRICT COURT,

IV. PREVIOUS LAWSUITS; CONTINUED:

NORTHERN DISTRICT OF FLORIDA, TALLAHASSEE DIVISION.

3. NAME OF JUDGE: HON, R, HINKLE, CASE: 4:10CV-10-RH-WCS

4. FILING DATE: FEBRUARY 2010, DISMISSAL DATE: ON APPEAL, 3/29/10

5. REASON FOR DISMISSAL: ON APPEAL, 28 U.S.C. § 1915 (e)(2)(B).

6.     Facts and claims of case: ~~Abuse~~ FIRST AMENDMENT VIOLATION; EID AL-FITR INFRINGEMENT.

(Attach additional pages as necessary to list cases.)

## V.    STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

1. I AM A MUSLIM. MY RELIGIOUS PREFERENCE SINCE THE DAY I ENTERED THE FLORIDA DEPARTMENT OF CORRECTIONS (FDOC) HAS BEEN ISLAM.

2. ON AUGUST 22, 2009, I WAS PLACED ON THE LIST OF INMATES IN POPULATION WHO WOULD BE FASTING DURING THE MONTH OF RAMADA AT TAYLOR CORRECTIONAL INSTITUTION ANNEX (TCIA), AT 8629 HAMPTON SPRING ROAD, PERRY, FLORIDA 32348.

3. ABSTAINING FROM FOOD, DRINK, AND ALL NON-ISLAMIC CONDUCT, FROM THE TIME OF THE MORNING PRAYER (FAJR) TO FIVE MINUTES AFTER SUNSET IS AN OBLIGATORY TENET OF THE ISLAMIC FAITH. AND AS AN ADULT MALE WITH NO ISLAMICALLY EXCUSABLE REASON FOR NOT FASTING, I AM DUTY BOUND BY THE QUR'AN AND SUNNA TO DO SO; QURAN; 62:9.

4. A WEEK PRIOR TO THE BEGINNING OF THE RAMADAN FAST, TCIA CHAPLAIN, D. SWARTZ, AND TCIA ASSISTANT WARDEN, MR. JEFFCOAT, SENT TO ALL HOUSING AREAS A "RAMADAN ACTIVITY SCHEDULE." THAT MEMORANDUM DETAILED THE DAILY EVENTS APPROVED BY THE ADMINISTRATION, AND ESTABLISHED THE TIME FOR THOSE EVENTS, SEE ATTACHED EXHIBIT A.

5. THE RAMADAN ACTIVITY SCHEDULE CLEARLY INDICATED THAT WHILE INMATES ARE PARTICIPATING IN RAMADAN AT TCIA, I WOULD BE AWAKENED AT 4:30 A.M., GIVEN AN OPPORTUNITY

5

TO SHOWER, THEN ESCORTED TO THE DINING HALL TO EAT THE MORNING MEAL (SAHUR) BEFORE THE TIME FOR THE MORNING PRAYER (FAJR) AT 5:15. AT THAT TIME I WAS GIVEN ENOUGH TIME TO EAT BEFORE BEING ESCORTED TO THE CHAPEL AT 6:00 A.M. THE INTERVAL BETWEEN THE TWO IS FIFTY AYATS.

6. THE MUSLIMS HOUSED IN ADMINISTRATIVE AND DISCIPLINARY CONFINEMENT AT TCIA, WHO WERE PARTICIPATING IN THE RAMADAN FAST, WERE ALSO TO RECEIVE A MORNING MEAL BEFORE 6:00 A.M. THE FAJR PRAYER BEGINS THE FAST NO MATTER WHERE A MUSLIM IS HOUSED, AND THEREFORE THE ACTIVITY SCHEDULE MAKES NO DISTINCTION OF HOUSING.

7. PRIOR TO THE BEGINNING OF RAMADAN I HAD FILED AN INSTITUTIONAL INFORMAL GRIEVANCE TO CHAPLAIN SWARTZ REGARDING TWO OF MY FAMILY MEMBERS BEING APPROVED TO COME TO TCIA AS GUESTS AT THE 2009 EID AL-FITR, AND A GRIEVANCE AGAINST FOOD SERVICE DIRECTOR E. POLLEY, JR., REGARDING THE COLD VEGAN TRAY I WAS TO RECEIVE DURING THE 30 DAYS OF RAMADAN INSTEAD OF A COLD VEGAN SACK MEAL — SOMETHING MEANT TO BE EATEN COLD. BOTH GRIEVANCES WERE DENIED.

8. ON SEPTEMBER 17, 2009, TWENTY-SEVEN (27) DAYS AFTER RAMADAN BEGAN, I WAS REMOVED FROM POPULATION AND PLACED IN ADMINISTRATIVE CONFINEMENT, CELL # J2108L, HOUSE WITH INMATE JOSEPH YORK.

9. WHEN I ENTERED THE ADMINISTRATIVE CONFINEMENT WING I IMMEDIATELY INFORMED THE CONFINEMENT OFFICERS THAT I WAS A MUSLIM, AND WAS ON THE LIST OF MUSLIMS WHO WAS PARTICIPATING IN THE RAMADAN FAST. AND IT WAS FOR THAT REASON THAT ON SEPTEMBER 17, 2009, I RECEIVED NO LUNCH OR DINNER TRAY, AND AFTER SUNSET I WAS BROUGHT THE COLD VEGAN TRAY FROM FOOD SERVICE.

(CONTINUED ON PAGE 6A )

6

V. STATEMENT OF FACTS; CONTINUED:

10. ON THE MORNING OF SEPTEMBER 18, 2009, I WAS
AWAKENED AT 4:30 A.M. BY DORM OFFICER. AFTER
BRUSHING MY TEETH AND WASHING (WUDU) FOR MY
MORNING DUTIES, I ASKED THE DORM OFFICER ABOUT
MY MORNING MEAL (SAHUR) BEING PROVIDED TO BE
BEFORE 6:00 AM. I WAS TOLD THAT I WOULD RECEIVE
MY RAMADAN MEAL WHEN HE (THE GUARD) RECEIVED IT,
AND THEN THREATENED WITH A DISCIPLINARY REPORT IF I
DID NOT GET AWAY FROM THE CELL DOOR.

11. ON SEPTEMBER 18, 2009, THE SCHEDULED TIME FOR MY
MORNING PRAYER (FAJR) WAS 6:07 A.M. I WAITED
FOR MY SAHUR MEAL FOR AS LONG AS I COULD HOPING
THE OFFICER WOULD REALIZE THAT IT WAS WELL AFTER
6:00 AM. AT 6:20 AM I COULD NOT WAIT ANY LONGER
AND DUTIFULLY PERFORMED MY FAJR PRAYER THAT
BEGAN MY FASTING FOR THE DAY.
    EVEN AS I WAS MAKING MY PRAYER I KNEW
IN MY HEART THAT I WAS COMMITTED A SIN BY OBSERVING
THE "WISAL" PAST THE SAHUR MEAL, BECAUSE ANY
CONTINUOUS FASTING DURING RAMADAN MUST, BY THE
COMMAND OF THE PROPHET OF ALLAH (SALLALLAHU ALAIHI
WA SALLAM), STOP AT THE SAHUR TIME.

12. THE BREAKFAST TRAY THAT WAS OFFERED TO ME ON
SEPTEMBER 18, 2009, CAME WITH THE TRAY CARTS FROM
THE FOOD SERVICE DIRECTOR, E. POLLEY, JR., AT 6:45 AM,
35 MINUTES AFTER THE TIME FOR PRAYER.

13. I REFUSED TO ACCEPT THE BREAKFAST TRAY BECAUSE IT
WAS FORBIDDEN TO EAT AFTER I BEGAN MY FASTING.
AND BECAUSE I DID NOT WANT THE DORM CAMERAS TO
RECORD TWO TRAYS ENTERING THE CELL I WAS HOUSED
IN, I REFUSED TO ALLOW JOSEPH YORK (MY CELLMATE)

-6A-

V. STATEMENT OF FACTS; CONTINUED:

TO ACCEPT THE TRAY EITHER. THEREFORE, ONLY A SINGLE
TRAY WAS PLACED INTO CELL #J2108. THE DEFENDANTS
CANNOT DENY OR DISPUTE THAT FACT UNLESS THEY FALSELY
CLAIM THAT THE VIDEOTAPE CAMERAS WERE NOT WORKING,
OR THE TAPE IS SOMEHOW UNAVAILABLE.

14. ON SEPTEMBER 19th AND SEPTEMBER 20, 2009, THE
DENIAL OF MY SAHUR MEAL WAS REPEATED, THAT IS,
I WAS NOT PROVIDED AT MEAL PER THE APPROVED
SCHEDULE UNTIL AFTER THE TIME FOR THE FAJR PRAYER
ENDED, THEREBY DENYING ME FOOD ON EACH OF THOSE
MORNINGS. ON SEPTEMBER 19, 2009, THE FOOD CARTS
DID NOT ARRIVE UNTIL 6:40, AND ON SEPTEMBER 20,
2009, THE FOOD CARTS DID NOT ARRIVE UNTIL 6:35 AM.

15. I HAD NO ALTERNATIVES AVAILABLE TO ME FOR
EATING PRIOR TO THE TIME FOR MY FAJR (MORNING)
PRAYER DUE TO MY HOUSING IN ADMINISTRATIVE
SEGREGATION, AND THE DEFENDANTS MADE NO EFFORT
TO APPLY THE LEAST RESTRICTIVE MEANS TO PROVIDE
ME WITH MY SAHUR (MORNING) MEAL DURING
RAMADAN.

16. NOT ONLY WAS I FORCED TO COMMIT A SIN, I FELT
THAT MY RELIGION WAS BEING DEMEANED AND MADE
INSIGNIFICANT. FASTING (SAWM) IS ONE OF THE
FUNDAMENTAL TENNENTS OF ISLAM, CONDUCTED IN
THE PRESCRIBED MANNER, AND I WAS MAKING EVERY
ATTEMPT TO FULFILL MY RELIGIOUS OBLIGATIONS — AND
WOULD HAVE IF NOT FOR THE ACTIONS OF THE DEFENDANTS.

17. PLAINTIFF SPOKE TO MR. JEFFCOAT PRIOR TO RAMADAN IN
REGARDS TO MUSLIMS RECEIVING THE MORNING MEAL
IN TIME FOR THEM TO EAT AND PERFORM THE PRAYER TO

V. STATEMENT OF FACTS, CONTINUED:

BEGIN THEIR FASTING, — NOT REALIZING I WOULD BE IN
CONFINEMENT BEFORE THE END OF RAMADAN, NEITHER
MR. JEFFCOAT OR CHAPLAIN HOLMAN WAS CONCERNED
ABOUT THE MUSLIMS IN CONFINEMENT,

18. THROUGHOUT THE GRIEVANCES IN THIS MATTER THE
DEFENDANTS HAVE BELIEVED: THAT THE ISLAMIC FAST
BEGINS WITH THE SUNRISE, AND AS LONG AS THE SUN IS
NOT FULLY RISEN A MUSLIM CAN EAT. THAT IS NOT
TRUE, NOR IS IT WHAT THE RAMANDAN SCHEDULE PROVIDES.
THUS MR. JEFFCOAT BY HIS IGNORANCE OF ISLAMIC LAWS
INFRINGED UPON MY RIGHT TO THE RAMADAN FAST, AND
STATE AND FEDERAL LAW FORBIDS SUCH DENIALS,

19. THROUGHOUT ALL TIMES MENTIONED IN THE COMPLAINT THE
DEFENDANTS WERE EMPLOYED BY THE FLORIDA DEPARTMENT
OF CORRECTIONS, AND ACTING UNDER THE COLOR OF THE
LAW,

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific.  Number each separate claim and relate it to the facts alleged in Section V.  If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

(1) PLAINTIFF IS A CITIZEN OF THE UNITED STATES OF AMERICA
    AND INVOKE ALL THE RIGHTS OF HIS CITIZENSHIP.

(2) THE FIRST AMENDMENT TO THE CONSTITUTION WAS
    VIOLATED BY THE DEFENDANTS WHEN THEY FORCED THE
    PLAINTIFF TO ENGAGE IN AN ACTIVITY FORBIDDEN BY
    ISLAM. PLAINTIFF IS A PRACTICING MUSLIM, FOLLOWING
    THE COMMANDS OF ALLAH AND HIS PROPHET (SALLALLAHU
    ALAIHI WAS SALLAM), AND THE "WISAL" (GOING WITHOUT
    (CONTINUED ON PAGE 7A)

## VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.

(1) A TRIAL BY JURY

(2) PUNITIVE DAMAGES IN A SUM DETERMINED BY THE JURY.

(3) A RULE AND POLICY CHANGE BY THE FDOC TO STIPULATE THE
    SAHUR BE GIVEN TO CONFINEMENT INMATES PARTICIPATING
    (CONTINUED ON PAGE 7E)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

_____           _____
        (Date)                              (Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):.
☐ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on:
the _____ day of _____, 20_____.

                                  _____
                                            (Signature of Plaintiff)

Revised 03/07

7

**VI.** STATEMENT OF CLAIMS; CONTINUED:

FOOD CONTINOUSLY PASS THE SAHUR DURING THE HOLY MONTH OF RAMADAN) IS FORBIDDEN. IT IS STATED IN THE ORIGINAL BUKHARI; VOLUME 3, HADITH #184:

900: عَنْ أَبِي سَعِيدٍ رَضِيَ اللّٰهُ

عَنْهُ: أَنَّهُ سَمِعَ النَّبِيَّ (Sallallahu

(alaihi wa sallam يَقُولُ: (لَا يُوَاصِلُوا،

فَأَيُّكُمْ أَرَادَ أَنْ يُوَاصِلَ

فَلْيُوَاصِلْ حَتَّى السَّحَرِ)

(NARRATED ABU JA'ID (RADHI ALLAHU AN'HU): THAT HE HEARD THE PROPHET (Sallallahu alaihi wa sallam) SAYING: "DO NOT OBSERVE WISAL . . . . . ")

(THIS SOUND HADITH INSTRUCTS MUSLIMS TO END THE WISAL AT THE TIME OF THE SAHUR)

(ALLAH AND HIS MESSENGER KNOW BEST).

DEFENDANT E. POLLEY, JR., FAILED TO ADHERE TO THE APPROVED "RAMADAN ACTIVITY SCHEDULE" AND THEREBY VIOLATED THE FREE EXERCISE OF PLAINTIFF'S RELIGION. NOT PROVIDING THE PLAINTIFF THE SAHUR MEAL BEFORE THE TIME FOR PRAYER ON SEPTEMBER 18th, 19th, AND 20th, 2009, INFRINGED UPON HIS RELIGIOUS RIGHTS IN SUCH A WAY THAT IT CAUSED THE PLAINTIFF TO COMMIT A SIN.

(3) THE FIRST AMENDMENT TO THE CONSTITUTION WAS

VI.   STATEMENT OF THE CLAIMS, CONTINUED:

VIOLATED BY DEFENDANT JEFFCOAT WHEN HE INFRINGED
UPON PLAINTIFF'S ABILITY TO FAST DURING THE MONTH OF
RAMADAN AS IT IS PRESCRIBED BY THE PROPHET (Sallallahu
alaihi wa sallam), BY HIS NOT PROVIDING MUSLIMS IN
CONFINEMENT AN OPPORTUNITY TO BE INCLUDED IN THE
PRE-DAWN MEAL STIPULATED ON THE RAMADAN ACTIVITY
SCHEDUAL, THEREBY DEPRIVING ME A FAST WITHOUT THE
NECESSITY OF SIN, AS PRESCRIBED IN THE QUR'AN:

يَا أَيُّهَا الَّذِينَ آمَنُوا كُتِبَ عَلَيْكُمُ الصِّيَامُ كَمَا كُتِبَ عَلَى الَّذِينَ مِنْ

قَبْلِكُمْ لَعَلَّكُمْ تَتَّقُونَ (١٨٣)

QUR'AN 5.2:183
"O ye who believe! Fasting is prescribed
for you, even as it was prescribed for
those before you, that ye may ward off evil."

ONCE PLAINTIFF WAS PLACED IN ADMINISTRATIVE CONFINEMENT
THE RAMADAN SAHUR MEALS PREVIOUSLY ASSURED BY MR.
JEFFCOAT WAS NO LONGER PROVIDED TO HIM, HE WAS BASICALLY
REMOVED FROM THE RAMADAN LIST OF PARTICIPANTS IN RESPECT
TO THE SAHUR EACH MORNING, DISRUPTING THE FAST PRESCRIBED
BY GOD, THEN RETURNED TO THE LIST FOR THE IFTAR, AS ASST.
WARDEN OF PROGRAMS JEFFCOAT SIGNED THE "RAMADAN ACTIVITY
SCHEDULE" FOR 2009, AND SINCE NO DISTINCTIONS ARE SET FORTH
FOR FASTING MUSLIMS IN POPULATION AND CONFINEMENT, IT
WAS UNCONSTITUTIONAL FOR THE FAST TO BE DISRUPTED BY THE
LACK OF FOOD. MR. JEFFCOAT WAS PERSONALLY RESPONSIBLE
FOR SAFEGUARDING THE CONGREGATIONAL PRAYERS THROUGHOUT

VI. STATEMENT OF CLAIMS; CONTINUED:

THE DAYS OF RAMADAN, MEALS, AND THE EID CELEBRATION, AS A DUTY OF HIS JOB DESCRIPTION.

4. DEFENDANT POLLEY IS NOT IMMUNE BECAUSE HE KNEW OR SHOULD KNOWN BY VIRTUE OF THE RAMADAN ACTIVITY SCHEDULE THAT HE COULD NOT DEPRIVE PLAINTIFF OF THE SAHUR MEAL BEFORE THE MORNING PRAYER SIMPLY BECAUSE HE WAS REHOUSED IN ADMINISTRATIVE CONFINEMENT.

5. DEFENDANT JEFFCOAT IS NOT IMMUNE BECAUSE HE KNEW OR SHOULD HAVE KNOWN THAT FAILING TO PROVIDE PLAINTIFF WITH THE REQUIREMENTS OF RAMADAN WAS A DENIAL OF RAMADAN ITSELF TO A MUSLIM PRISONER.

6. THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT OF 2000 IS APPLICABLE IN THIS CASE AS THE FLORIDA DEPARTMENT OF CORRECTIONS RECEIVE FEDERAL FUNDING FOR MANY OF ITS PROGRAMS, AND THE SPENDING BILL WHICH ENACTED RLUIP MANDATED RELIGIOUS FREEDOM FOR PRISONERS AS A PROVISION OF THAT BILL. CUTTER V. WILKINSON, 423 F.3d 579 (2005).

7. THE DEFENDANTS ACTS WERE UNFAIR AND BIAS IN REGARDS TO RAMADAN, AND A VIOLATION OF THE ANTI-DISCRIMINATION OF TITLE VI, TITLE VII, AND TITLE IX, ALSO, CHARLES V. VERHAGEN, 348 F.3d 601, 607 (2003).

8. "ACTUAL INJURY" WAS INFLICTED UPON THE PLAINTIFF BY HIS BEING FORCED TO COMMIT A SIN, TO WIT, THE "WISAL." SAID SIN CAUSED BY THE ACTION OF E. POLLEY, JR.

VI. STATEMENT OF CLAIMS; CONTINUED:

9. "ACTUAL INJURY" WAS INFLICTED UPON THE PLAINTIFF BY THE
ACTIONS OF DEFENDANT JEFFCOAT WHEN THIS DEFENDANT
FAILED CAUSED PLAINTIFF TO COMMIT A SIN.

10. THE FIRST AMENDMEN OF THE CONSTITUTION WAS VIOLATED
BY DEFENDANT E. POLLEY, JR. WHEN HE INFRINED UPON
THE PRESCRIBED MANNER RAMADAN MUST BE PERFORMED.

11. ALL FIRST AMENDMENT VIOLATIONS HEREIN ARE APPLICABLE
BY WAY OF THE FOURTEENTH AMENDMENT TO THE UNITED
STATES CONSTITUTION, AND PROTECT BY THE ARTICLES THEREOF.

-7D-

VII. RELIEF REQUESTED; CONTINUED:

IN THE ISLAMIC FAST OF RAMADAN AT THE SAME TIME
INMATES IN POPULATION STATUS ARE GIVEN THEIR SAHUR
MEAL; APPROXIMATELY 45 MINUTES BEFORE THE FAJR
PRAYER IS PERFORMED TO BEGIN THE DAY'S FASTING,
THE PRAYER BEING 70 MINUTES BEFORE SUNRISE.

(4) WHATEVER FURTHER RELIEF THE COURT DEEMS JUST AND
PROPER.

- 7E -

# TAYLOR CORRECTIONAL

## RAMADAN ACTIVITY SCHEDULE

### EASTERN DAYLIGHT TIME

## AUGUST 22, 2009 – SEPTEMBER 21, 2009



| TIME | EVENT | PLACE | SUPERVISION |
|---|---|---|---|
| 4:30AM | Awaken inmates for purification (Shower) & Qu'ran reading. (Individual) | Dormitory | Security Staff |
| 5:15AM | Escort inmates to the Dining Hall for Pre-dawn meal. (**See Note**) | Dining Hall | Security Staff |
| 6:00AM<br><br>6:15 PM | Escort inmates to the Chapel for Congregational Dawn Prayer (15 Minute Prayer )<br><br>Escort to Dormitory | Chapel<br><br><br>Dormitory | Security Staff<br><br><br>Security Staff |
| Work Call | Normal Work Assignment. | Work Assignment | Security Staff |
| 1:15 PM | Congregational **Midday Prayer** in Chapel. (15 Minute Prayer) | Chapel | Chaplain |
| 1:30 PM<br><br>4:00PM<br><br>4:15 PM | Normal Work Assignment<br><br>Report to Chapel for Afternoon Prayer (15 Minute Prayer)<br>Count | Work Assignment<br>Chapel<br>Dormitory | Security Staff<br><br>Chaplain |
| 6:30 PM<br><br><br>6:45PM | Congregational **Late Afternoon Prayer** and **Sunset Prayer** in the Chapel (15 Minute Prayer)<br><br>**Receive sack meal in Chapel** and escort inmates to Dormitory | Chapel<br><br><br>Security Staff | Security Staff<br><br><br>Security Staff |
| | | | |

**Note:** The participating inmates will be escorted to the dining facility for the pre-dawn meal. If the inmate chooses not to eat he may sit quietly in the dining facility until it is time to be escorted to the dorm. Any absences will be reported to the chaplain the morning of the absence. *All scheduled activities are subject to the rules of this institution at all times and are subject to change without notice. A list of approved Muslim inmates will be submitted to Security on a regular basis.

_____  
Date  
Chaplain

_____  
Date  
Assistant Warden

EXHIBIT A

**STATE OF FLORIDA**
DEPARTMENT OF CORRECTIONS

# INMATE REQUEST

Team Number: _____
Institution: _ANNEX_
_TAYLOR C.I._

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☐ Mental Health | ☐ Dental _GRIEVANCE_<br>☒ Other _COORDINATOR_ |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | DUKE F. CRANFORD | 123716 | L3218L | WELLNESS | 2-16-10 |

**REQUEST**                                    Check here if this is an informal grievance ☐

ON 12-13-09 I APPEALED THE DENIAL OF MY FORMAL
GRIEVANCE TO THE WARDEN AGAINST MR. POLLEY OF
FOOD SERVICE TO THE SECRETARY. I RECEIVED THE
LOG #09-6-40714, BUT NEVER RECEIVED A RESPONSE
FROM THE SECRETARY. WILL YOU PLEASE CHECK INTO
MY RESPONSE, IT'S BEEN 2 MONTHS NOW.
THANK YOU.

D.F. Cranford 123716

informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                          DATE RECEIVED: _2/17/10_

Inmate Cranford,

~~Formal grievance log #09-6-40714 was received on 12/21/10 by Central Office however
you are advised to address your issue with them.~~

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | | Date: 2/26/2010 |

Original: Inmate (plus one copy)

CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

DC6-236 (Effective 10/19/09) (Technical Change 1/6/10)        _EXHIBIT B_
Incorporated by Reference in Rule 33-103.019, F.A.C.

INMATE REQUEST

INFORMAL GRIEVANCE

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

(Instructions on Back)

Mail Number: 9W-24-06
Team Number: _____
Institution: TAYLOR ANNEX

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☒ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other | MAJOR COLLINS |
|---|---|---|---|---|---|

| FROM: | Inmate Name DUKE F. CRANFORD | DC Number 123716 | Quarters J3201L | Job Assignment — | Date 10/28/09 |
|---|---|---|---|---|---|

**REQUEST** INFORMAL GRIEVANCE

MAJOR, I AM A MUSLIM WHO PARTICIPATED IN RAMADAN 2009, FROM 8/22/09 TO 9/21/09, ON 9/17/09 I WAS PLACED IN CONFINEMENT. AT THAT TIME, AND ACCORDING TO THE RAMADAN ACTIVITY SCHEDULE APPROVED BY ASST. WARDEN MR. JEFFCOAT AND CHAPLAIN SCHEETZ, I WAS TO RECEIVE MY MORNING MEAL (SUHUR) BEFORE THE TIME FOR MY MORNING PRAYER (FAJR). THAT SCHEDULE WAS SENT TO ALL ANNEX DORMS TO PREVENT ANY VIOLATIONS OF ISLAMIC RIGHTS. HOWEVER, ON THE MORNINGS OF 9/18/09, 9/19/09, AND 9/20/09, MR. E. POLLEY OF FOOD SERVICE DID NOT SEND ME A RAMADAN BREAKFAST TRAY IN TIME FOR ME TO EAT MY MORNING PRAYER, WHICH BEGAN MY FAST. THAT FORCED ME TO GO 24 HOURS WITHOUT EATING, AND THAT IS A SIN IN ISLAM ACCORDING TO THE QUR'AN AND SUNNA. NO TRAYS CAME TO J-DORM UNTIL AFTER 6:30 A.M. PRAYER WAS AT 6:05. THE APPROVED SCHEDULE VARIFIES THAT I WAS TO BE FED BETWEEN 5:15 AND 6:00 A.M. I NEVER ACCEPTED THE TRAY BECAUSE I COULD NOT EAT IT, AND OFFICERS WERE UNABLE TO GET MR. POLLEY TO SME MY RAMADAN

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing. TRAYS PURSUANT TO THE SCHEDULE.

DFCranford 123716

✱ WARDEN RESPONSE ATTACHED, FOR REFILING.

**DO NOT WRITE BELOW THIS LINE**

DATE RECEIVED: 11/3/09

**RESPONSE**

SUE ADA ATTACHMENT.

[The following pertains to informal grievances only]

Based on the above information, your grievance is _____. (Returned, Denied or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Signature): _____ Date: 11/10/09

Distribution:   White   -Returned to Inmate
               Canary  -Returned to Inmate

Pink   -Retained by official responding, or if the response is to an informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8 07)

Incorporated by Reference in Rule 33-103.019, F.A.C.

EXHIBIT C

11/16/09

Your informal grievance has been reviewed and evaluated.

Officer J Weirick was assigned to confinement wing 2 on the dates in question. Officer Weirick was interviewed and stated that to his recollection the Ramadan morning food trays were delivered on time except for one morning. Officer Weirick further stated that the one morning the food trays were late only by approximately 5 minutes according to the posted schedule, however the tray was delivered to your cell well before daylight but you refused i. It is reported that you ate the trays delivered to your cell all other mornings. Fasting during the time of Ramadan in Islam means abstaining completely from food, drink, smoking, and marital relations every day of Ramadan before the break of dawn until sunset. You must understand that the schedule posted by The Florida Department of Corrections is intended only as a guide to ensure uniform practices in all Florida facilities. As long as your tray is delivered well before the break of dawn (which is what occurred) and you eat, you have not sinned. You chose not to accept your tray because it was five minutes late according to a generic schedule and not the accepted practice of eating your tray before the break of dawn.

Based on the above information your grievance is denied. You have the right to submit a formal grievance in accordance with Chapter 33-103.006, FAC.

EXHIBIT D

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

0912-224-081

TO: ☒ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From: CRANFORD, DUKE F. #123716 TAYLOR ANNEX
    Last   First   Middle Initial     Number     Institution

✱ INFORMAL GRIEVANCE ATTACHED.

Part A – Inmate Grievance

WARDEN,

THIS IS MY APPEAL TO YOU FROM THE DENIAL OF MY INFORMAL GRIEVANCE REGARDING MY BEING DENIED A MORNING MEAL FOR THE LAST THREE (3) DAYS OF RAMADAN. THOUGH MY INFORMAL GRIEVANCE WAS DENIED, I INCORPORATE OFFICER WEIRICK AND MY PREVIOUS ARGUMENT, AND INCLUDE THE FOLLOWING:

    1. THE STATEMENTS MADE BY OFFICER J. WEIRICK MAKES HIS ACTIONS PART OF THE DENIAL OF THE 3 MEALS, AND PART OF THIS ENTIRE PROCESS. HIS RECOLLECTION IS NOT CORRECT. I WILL SUBMIT TO A LIE DETECTOR TEST REGARDING EVERYTHING I'VE SAID, IF THE TRUTH MATTERS. IT WOULD HAVE BEEN SIMPLIER TO CHECK J-DORM LOG ENTRIES TO DETERMINE THE TRUTH OF THE ALLEGATIONS. SIR, YOU CAN STILL DO THAT. YOUR CAMARAS SHOW THE TIME, AND HOW MANY TRAYS CAME INTO MY CELL, AND SINCE I HAVE NOT VIOLATED MY ISLAMIC FAST FOR THIRTY YEARS, I OBJECT TO OFFICER WEIRICK ACCUSING ME OF DOING SO, ESPECIALLY WHEN I WOULD NOT ALLOW THE INMATE (YORK), WHO I WAS IN THE CELL WITH, TO ACCEPT THE TRAY EITHER. WARDEN, YOUR OWN RECORDS THAT I AM TELLING THE TRUTH: NO TRAY CAME TO ME IN TIME FOR ME TO EAT BEFORE THE BEGINNING OF MY FAST. THE SCHEDULE MANDATED I EAT BEFORE THAT. YOU HAVE ME DOWN AS BEING A "WRIT WRITER", BUT I NEVER TAKE ANYTHING TO A FEDERAL COURT UNLESS I'M RIGHT, AND I CAN'T RESOLVE IT.

    2. THE TIME FOR THE ISLAMIC FAST OF RAMADAN DOES NOT BEGIN WITH THE MORNING'S DAYLIGHT. THAT MISINFORMATION ABOUT THE TIME THE FAST BEGINS IS WHAT CAUSED THIS TO HAPPEN, AND IT'S WRONG. THE FAST BEGINS 70 MINUTES BEFORE SUNRISE (Allah knows best), NOT WHEN J. WEIRICK AND OTHERS THINK IT BEGINS, AND NOTHING EXCUSES E. POLLEY, J. WEIRICK, ASST. WARDEN JEFFCOAT, CHAPLAIN SCHEETZ, AND THE FLORIDA DEPARTMENT OF CORRECTIONS FOR FAILING TO ADHERE TO THE APPROVED RAMADAN SCHEDULE. THE DEVIATION FROM THAT SCHEDULE DUE TO ANYONE'S MISUNDERSTANDING IS MOOT. AND OFFICER J. WEIRICK SHOULD BE REPRIMANDED FOR HIS DISHONESTY.

November 22, 2009.
DATE

See Attached Response

DJCranford #123716
SIGNATURE OF GRIEVANT AND D.C. #

---

**✱BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

        /
    #     Signature

### INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103. Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

091 GRV 1726
Receipt for Appeals Being Forwarded to Central Office

0912-224-081

(Received By)

Submitted by the inmate on: 12/1/09
    (Date)
Institutional Mailing Log

DISTRIBUTION:    INSTITUTION/FACILITY        CENTRAL OFFICE
            INMATE (2 Copies)           INMATE
            INMATE'S FILE            INMATE'S FILE - INSTITUTION/FACILITY
            INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
                                        CENTRAL OFFICE GRIEVANCE FILE

EXHIBIT E

DC1-303 (Revised 2/05)

**PART B - RESPONSE**

| CRANFORD, DUKE | 123716 | 0912-224-001 | TAYLOR ANNEX | L2218L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

Investigation of your complaint reveals:

1. Video recording in confinement is retained for a period of 30 days so a review of the time period in question is not possible. The morning meal in confinement starts no later than 6:00 AM except for rare occasions and is documented as such. You stated that "I would not allow the inmate (York), who was in the cell with, to accept the tray either." You do not have the authority to deny any other inmate from receiving an authorized meal. Such actions will not be tolerated and will result in disciplinary action in the future.
2. As stated in the informal grievance the accepted practice of Ramadan is to eat before sunrise. The schedule set by the Department of Corrections was established only as a general guideline to ensure uniformity throughout the department and ensure adequate time for fasting. As long as you received your meal before sunrise and ate before sunrise no policy was violated.

Therefore based on the above information your request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103.007(3)(a) and (b), and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 2601 Blair Stone Road, Tallahassee, Florida 32399-2500.

Carolyn DeVore
Asst. Warden

Duane Spears, Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 12-5-09 |
|---|---|---|
| | | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

*EXHIBIT F*

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

RECEIVED

DEC 22 2009

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCES

TO: ☐ Warden ☐ Assistant Warden ☒ Secretary, Florida Department of Corrections

From: CRANFORD, DUKE P. #123716 TAYLOR C.I. ANNEX

Last First Middle Initial Number Institution

\* INFORMAL & FORMAL GRIEVANCES ATTACHED.

Part A – Inmate Grievance 09-6-40714

SECRETARY McNEIL, THIS IS MY APPEAL TO YOU FROM THE DENIAL OF MY FORMAL GRIEVANCE TO THE WARDEN. I INCORPORATE IN THIS APPEAL ALL OF MY PREVIOUS ARGUMENTS, AND RESOLUTIONS, AND ADD:

(1) WHEN I DENIED INMATE YORK A TRAY, IT WAS "MY" TRAY THAT I WOULD NOT ALLOW HIM TO ACCEPT. THE CONFINEMENT OFFICER BROUGHT THE TRAY TOO LATE FOR ME TO EAT THAT TRAY, SO I EXPLAINED TO THE INMATE THAT I WAS IN THE CELL WITH THAT HE COULD NOT EAT THAT TRAY BECAUSE THE OFFICER WOULD SWEAR THAT HE GAVE IT TO ME. THAT IS WHY J-2 CAMERA SHOWS ONLY A SINGLE TRAY ENTERING MY CELL THOSE 3 MORNINGS, AND WHY YOU NOW CLAIM THAT THE VIDEO RECORDING IS NOT AVAILABLE. I BEGAN GRIEVING THIS VIOLATION IMMEDIATELY WHEN THE VIDEO WAS AVAILABLE, AND NO ONE NOW ADMITS THAT THE VIDEO RECORDING CONFIRMS MY ALLEGATION. MY INFORMAL GRIEVANCE WAS ON 10-28-09, EIGHT DAYS AFTER RAMADAN, THAT IS WELL WITHIN THE 30 DAYS THAT THE WARDEN SAYS THE VIDEOTAPE OF J-2 WAS AVAILABLE. IF THAT VIDEOTAPE WAS NOT CHECKED, THEN NO INVESTIGATION OF MY INFORMAL GRIEVANCE WAS CONDUCTED, SO, YOU AND I BOTH KNOW THAT IT WAS CHECKED.

(2) THE OBLIGATORY TIME FOR EATING DOES NOT END AT SUNRISE, AND THAT IS WHY THE APPROVED SCHEDULE STIPULATED FEEDING ALL MUSLIMS BETWEEN 5:15 A.M. TO 6:00 A.M. THERE IS NO JUSTIFICATION FOR DEVIATING FROM THAT APPROVED SCHEDULE. SO FAR, THE ANSWERS TO ALL OF MY GRIEVANCES HAVE IGNORED THE APPROVED SCHEDULE. WHY? MR. POLLEY AND THE FDOC WERE TO FEED ME BEFORE THE ISLAMIC ADHAN AND PRAYER EACH MORNING OF RAMADAN. FOR THE LAST 3 DAYS I WAS NOT BROUGHT FOOD UNTIL AFTER I HAD MADE PRAYER, AND THAT MADE ME COMMIT A SIN.

DECEMBER 13, 2009
DATE

_____ #123716
SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

_____ _____
# Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 12-21-09 Institutional Mailing Log #: 09MR7080
(Date)

_____ 12-22
(Received By)

(0912-224201)

EXHIBIT G

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Revised 2/05)

MAILED / FILED
WITH AGENCY CLERK

MAR 1 1 2010

Department of Corrections
Inmate Grievance Appeals

**PART B - RESPONSE**

| CRANFORD, DUKE | 123716 | 09-6-40714 | TAYLOR ANNEX | L3218L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been received and referred to Central Office Chaplaincy Services who has provided the following response:

The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

W. S. Smith

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 3-9-10 DATE |

COPY DISTRIBUTION - INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

EXHIBIT H