**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DUKE F. CRANFORD,
D.O.C. # 123716,**

    **Plaintiff,**

**vs.**                                     **Case No. 4:10cv187-MP/WCS**

**E. POLLEY, JR., et al.,**

    **Defendants.**

                                        /

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this civil rights action filed under 42 U.S.C. § 1983 on May 17, 2010. Doc. 1. Plaintiff simultaneously filed a motion seeking leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Doc. 2. Plaintiff is incarcerated in the Florida Department of Corrections and the address on his complaint shows he is currently located at Taylor Correctional Institution. Doc. 1. Plaintiff complains about the denial of his First Amendment rights to practice his religious faith, Muslim, and seeks injunctive relief as well as monetary damages.

The Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> . . . if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has had three or more prior prisoner actions dismissed in this District on the grounds that they were frivolous, malicious, or failed to state a claim. The dismissed cases include cases numbered 1:08cv160-MP/AK;[1] 4:10cv10-RH/WCS, and 1:09cv224-MP/AK. Additionally, Plaintiff's appeal of case 1:09cv224 was dismissed on May 13, 2010, as frivolous by the Eleventh Circuit Court of Appeals. All of these cases were dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Therefore, Plaintiff has more than three dismissals under § 1915(e)(2)(B) and is not entitled to proceed *in forma pauperis* in federal court.

The instant complaint does not allege that Plaintiff is in imminent danger from the Defendants. This case concerns the alleged denial of religious liberty.

Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, Plaintiff may not submit a complaint in this Court without full payment of the filing fee at the time of case initiation. This case should be dismissed, dismissal being without prejudice to Plaintiff presenting his claims

---

[1] While Plaintiff lists case 1:08cv160-MP/AK in his listing of prior cases, doc. 1, Plaintiff fails to list the date of dismissal or give a reason for its dismissal. The case was dismissed on November 20, 2009, for failure to state a claim. As an additional noted, Plaintiff did not disclose another prior case he had filed in this Court on the complaint form, doc. 1. Plaintiff had also filed case 1:06cv182-MP/AK as a civil rights case on September 15, 2006. The action was deemed, however, to be an unauthorized second or successive habeas petition under 28 U.S.C. § 2254 and summarily dismissed on April 19, 2007.

in a complaint for which he pays the full $350.00 filing fee at the time of submission of the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's case be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g), because Plaintiff did not pay the filing fee at the time of case initiation and Plaintiff is not entitled to proceed *in forma pauperis* in this Court.

**IN CHAMBERS** at Tallahassee, Florida, on May 20, 2010.

      s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**